UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                  :              CASE NO.: 18-19649-AJC
                                        :
CARMEN Y. CRUZ,                         :              CHAPTER 7
                                        :
        Debtor.                         :
_____/

**TRUSTEE'S MOTION TO (I) EMPLOY JOSE CARLOS BLANCO AND BLANCO
REALTY SERVICES, INC. AS REAL ESTATE AGENT; (II) TO ENTER INTO
LISTING AGREEMENT; (III) FOR AUTHORIZATION TO ENTER INTO SALE
NEGOTIATION PROCESS; AND (IV) TO ENTER INTO CONTRACT FOR SALE OF
REAL PROPERTY *NUNC PRO TUNC* TO OCTOBER 5, 2018**

Maria Yip, as Chapter 7 Trustee (the "***Trustee***") for Carmen Y. Cruz (the "***Debtor***"), by and

through undersigned counsel, and pursuant to 11 U.S.C. §§ 327(a) and 363, Fed. R. Bankr. P.

2014, Fed. R. Bankr. P. 2014, respectfully requests the Court to enter an order (I) approving the

retention of Jose Carlos Blanco and Blanco Realty Services, Inc. (collectively the "***Realtor***"), as

real estate agent for the Trustee; (II) authorizing the Trustee to enter into a listing agreement with

the Realtor; (III) authorizing the Trustee to enter into a sale negotiation process  for the sale of the

Real Property (as further defined herein); and (IV) authorizing the Trustee to enter into a contract

for Sale of Real Property subject to further orders (the "***Application***") *nunc pro tunc* to October 5,

2018. In support thereof, the Trustee respectfully states as follows:

BACKGROUND

1.      On August 8, 2018, the Debtor filed a voluntary petition for relief under Chapter 7

of the Bankruptcy Code (the "***Petition Date***") and Maria Yip was appointed to serve as the duly

qualified Chapter 7 Trustee.

CASE NO.: 18-19649-AJC

2.     The §341 Meeting of Creditors was held and concluded on September 13, 2018 (the

"*§341 Meeting of Creditors*").

3.     As disclosed on Schedule A/B, Item #1.1 of the Debtor's Bankruptcy Petition [D.E.

1], as of Petition Date the Debtor had an ownership interest in certain real property located at 9499

Collins Ave. Apt 609, Surfside FL 33154 and legally described as follows:

> Condominium Unit No. 609, SPIAGGA OCEAN CONDOMINIUM, a
> Condominium, according to the Declaration of Condominium recorded August 16,
> 2005 in Official Records Book 23683, Page 1139, re-recorded August 24, 2005 in
> Official Records Book 23716, page 2937, all of the Public Records Miami-Dade
> County, Florida; together with an undivided interest in and to the common elements
> and any and all appurtenances thereto.

(the "*Real Property*").

4.     The Real Property is encumbered in favor of Mr. Cooper (the "*Secured Creditor*")

in the approximate amount of $275,511.00.

5.     The Debtor listed the Real Property with a value of $306,038.00, which amount

represents the tax assessed value pursuant to the Miami-Dade Property Appraiser's website. Based

on the comparative market analysis attached to the Listing Agreement enclosed herein as **Exhibit**

**1** (the "*Listing Agreement*") the Realtor has recommended the listing price for the Real Property

be set at $419,000.00.

6.     In order for the Trustee to properly discharge all of her duties in this case, it is

essential that she employ a real estate professional to assist her in valuing, marketing, and selling

the Real Property.

7.     In order to maximize the value of the Real Property, and in order to achieve an

efficient sale process, the Trustee seeks to employ Jose Carlos Blanco and Blanco Realty Services,

Inc. to assist in the marketing, and finding of qualified buyers, and negotiating with potential

buyers.

8.      The Trustee believes that the highest and best value for the Real Property will be generated via conventional sale negotiations and that the sale of the Real Property is in the best interest of the Estate.

9.      The Realtor has substantial experience in conducting real estate services. The Trustee has selected the Realtor due to his experience and expertise in real estate related negotiations.

RELIEF REQUESTED

10.     The Trustee requests that the Court authorize the employment of the Realtor to market the Real Property pursuant to the terms contained herein and the terms of the Listing Agreement.

11.     The Realtor is a licensed real estate agent in the State of Florida in good standing. The Trustee believes that the Realtor is disinterested as defined in the Bankruptcy Code based in the disclosures in the Affidavit of Proposed Realtor for Trustee attached hereto as **Exhibit 2**.

12.     The Realtor will be retained to perform the following services (the "*Services*") and pursuant to the following terms:

    a.   Analyze and determine the market value of the Real Property;

    b.   Advertise and show the Real Property to potential buyers;

    c.   Sell and assist with the closing of the sale of the Real Property;

    d.   All marketing expenses will be borne by the Realtor regardless of whether he is successful in finding a buyer for the Real Property;

    e.   Compensation of the Realtor will be six percent (6%) of the total sale price of the Real Property if Realtor is acting as listing agent and the buyer does not have

representation. If the buyer has separate representation the Realtor and buyer's agent shall be paid three percent (3%) of the total sale price each.

13. To the best of the Trustee's knowledge the Realtor does not have any connection with the creditors or other parties in interest or their respective attorneys, nor represent any interest adverse to the Trustee or the Debtor's estate.

14. The Trustee submits that retention of the Realtor to provide the Services, described above, is warranted and is in the best interest of the Estate and creditors.

15. The Trustee will serve copies of this Application, the Order approving this Application as required by Bankruptcy Rule 6004 and Bankruptcy Rule 2002(a)(2) and (c)(1).

16. The sale notice or motion to approve sale will be separately filed at the appropriate time and once an offer is secured.

17. A copy of the proposed order granting this Application is enclosed as **Exhibit 3**.

WHEREFORE, the Trustee moves for the entry of an order (I) approving the retention of Jose Carlos Blanco and Blanco Realty Services, Inc., as real estate agent for the Trustee; (II) authorizing the Trustee to enter into a listing agreement with the Realtor; (III) authorizing the Trustee to enter into a sale negotiation process  for the sale of the Real Property; (IV) authorizing the Trustee to enter into a contract for Sale of Real Property subject to further orders *nunc pro tunc* to October 5, 2018; and (V) for such other further relief as this Court deems necessary or appropriate.

Dated this 17th day of October, 2018.

By: _____
MARIA YIP, TRUSTEE
2 S. Biscayne Blvd. #2690
Miami, Florida 33131
Tel. (305) 908-1862

CASE NO.: 18-19649-AJC

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 17 day of October, 2018, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 17 day of October, 2018, to:

- Robert A Angueira    rangueir@bellsouth.net,
  yanay@rabankruptcy.com;lillian@rabankruptcy.com;richard@rabankruptcy.com
- Timothy S Kingcade    scanner@miamibankruptcy.com,
  kingcadeserve@bellsouth.net;r46540@notify.bestcase.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Maria Yip    trustee@yipcpa.com, mmy@trustesolutions.net

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail rangueir@bellsouth.net

By _____
      ROBERT A. ANGUEIRA, ESQ.
      Florida Bar No. 0833241

Case 18-19649-AJC

Alliance One Receivables M
PO Box 2449
Gig Harbor, WA 98335-4449

Amanda R Dduffy, Esq.
PO Box 290335
Tampa, FL 33687-0335

Bank Of America
4909 Savarese Circle
Tampa, FL 33634-2413

(p)BANK OF AMERICA
PO Box 982238
EL PASO TX 79998-2238

Chase Card Services
Correspondence Dept
Po Box 15298
Wilmington, DE 19850-5298

Chase Card Services
Po Box 15298
Wilmington, DE 19850-5298

Chase Mtg
PO Box 24696
Columbus, OH 43224-0696

Checksystems
7805 Hudson Rd
Saint Paul, MN 55125-1703

Child Support Enforcement
PO Box 8030
Tallahassee, FL 32314-8030

Cit
100 Citibank Dr
San Antonio, TX 78245-3214

Citibank, NA
8400 W Broward Blvd
Fort Lauderdale, FL 33324-2706

Comenity Bank/Victoria Secret
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/Victoria Secret
Po Box 182789
Columbus, OH 43218-2789

Credit Collection Services
Two Wells Ave
Newton Center, MA 02459-3246

Credit Protection Assoc/Etan Industries
13355 Noel Rd Ste 2100
Dallas, TX 75240-6837

Credit Protection Assoc/Etan Industries
Attn: Bankruptcy
Po Box 802068
Dallas, TX 75380-2068

Credit and Collection
2525 NW 62nd Street, Ste 4301
Miami, FL 33147-7716

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

Equifax
Po Box 740241
Atlanta, GA 30374-0241

Experian
Po Box 2002
Allen, TX 75013-2002

Flagstar Bank
5151 Corporate Drive
Troy, MI 48098-2639

Flagstar Bank
Attn: Bankruptcy
5151 Corporate Drive
Troy, MI 48098-2639

Florida Department Of Revenue
5050 W Tennessee St
Tallahassee, FL 32399-0100

Gastro Health Pathology
Attn: Patient Collections
PO Box 848593
Boston, MA 02284-8593

Gynecologicc Oncology Associate
PO Box 816967
Hollywood, FL 33081-0967

IRS Centralized Bankruptcy Department
PO Box 7346
Philadelphia, PA 19101-7346

Jackson Memorial
POB 864735
Orlando, FL 32886-4735

Midland Credit Management, Inc.
8875 Aero Drive, #200
San Diego, CA 92123-2255

Midland Credit Management, Inc.
POB 60578
Miami, FL 33126

Mr. Cooper
350 Highland Dr
Lewisville, TX 75067-4177

Mr. Cooper
Attn: Bankruptcy
8950 Cypress Waters Blvd
Coppell, TX 75019-4620

Natiowide Recovery Service
Attn: Bankruptcy
Po Box 8005
Cleveland, TN 37320-8005

Natiowide Recovery Service
Po Box 8005
Cleveland, TN 37320-8005



Santander Consumer USA
Po Box 961245
Ft Worth, TX 76161-0244

Spiaggia Ocean Condo Assoc
c/o Kaye Bender Rentabaum, PLLC
9121 North Military Trail #200
Palm Beach Gardens, FL 33410-5985

Synchrony Bank/ JC Penneys
Attn:  Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/ JC Penneys
Po Box 965007
Orlando, FL 32896-5007

Total Card, Inc.
PO Box 89725
Sioux Falls, SD 57109-9725

Transunion
Po Box 1000
Chester, PA 19016

Zakheim & Lavrar, P.A.
1133 University Drive, Second Floor
Fort Lauderdale, FL 33324-3303

Carmen Y Cruz
13224 SW 217 Ter
Miami, FL 33170-2627









# Exhibit "1"

BLANCO
REALTY
SERVICES

6780 CORAL WAY
MIAMI, FL 33155
(305) 775-4442 (C)
(305) 400-1058 (O)
jcblanco1@att.net

## LISTING INFORMATION SHEET

LISTING AGENT:  Jose Carlos Blanco

LISTING AGENT:

PROPERTY ADDRESS: 9499 Collins Ave #609, Surfside, FL 33154

FOLIO #: 14-22-35-045-0850          COUNTY:  DADE

CITY:                                ZIP CODE:

## TYPE OF PROPERTY:

[ ] Single Family  [✓] Condo  [ ] Townhouse  [ ] Rental  [ ] Land  [ ] Commercial

[ ] Business Opportunity  [ ] Duplex  [ ] Triplex  [ ] Fourplex

**PLEASE PROVIDE THE OFFICE WITH SELLER(S) MAILING ADDRESS IF DIFFERENT FROM SUBJECT PROPERTY**

SELLER(S) NAME: MARIA YIP          TRUSTEE FOR THE ESTATE OF   Carmen Cruz

SELLER(S) MAILING ADDRESS:

HOME PHONE:                    CELL PHONE:

WORK PHONE: (305) 787-3759     OTHER PHONE: -

SHOWING INSTRUCTIONS: LOCKBOX COMBO (If Applicable):

TBD

OCCUPANCY INFORMATION: [ ] Owner  [ ] Tenant  [✓] Vacant

LISTED DATE: 10/15/18     EXPIRATION DATE: 4/15/19

REMINDER: Please turn in computer input sheet & order your sign

## Exclusive Right of Sale Listing Agreement
FLORIDA ASSOCIATION OF REALTORS®

This Exclusive Right of Sale Listing Agreement ("Agreement") is between
__MARIA YIP_____  TRUSTEE FOR THE ESTATE OF ___Carmen Cruz_____ ("Seller") and

__BLANCO REALTY SERVICES_____ ("Broker").

1. AUTHORITY TO SELL PROPERTY: Seller gives Broker the EXCLUSIVE RIGHT TO SELL the real and personal property (collectively "Property") described below, at the price and terms described below, beginning the _15th____ day of __October_____, _2018__, and terminating at 11:59 p.m. the _14th____ day of _April_____ _2019___ ("Termination Date"). Upon full execution of a contract for sale and purchase of the Property, all rights and obligations of this Agreement will automatically extend through the date of the actual closing of the sales contract. Seller and Broker acknowledge that this Agreement does not guarantee a sale. This Property will be offered to any person without regard to race, color, religion, sex, handicap, familial status, national origin or any other factor protected by federal, state or local law. Seller certifies and represents that he/she/it is legally entitled to convey the Property and all improvements.

2. DESCRIPTION OF PROPERTY:
(a) Real Property Street Address: _9499 Collins Ave #609, Surfside, FL 33154_____

Legal Description: _SPIAGGIA OCEAN CONDOUNIT 609UNDIV 0.7700040%INT IN COMMON ELEMENTSOFF REC_____
_____23683-1139 & 23716-2937OR 22267-3297 0404_____ ❏ See Attachment _____
(b) Personal Property, including appliances: _____
_____ ❏ See Attachment _____
(c) Occupancy: Property ❏is ☑is not currently occupied by a tenant. If occupied, the lease term expires _____.

3. PRICE AND TERMS: The property is offered for sale on the following terms, or on other terms acceptable to Seller:
(a) Price: $419,000.00_____
(b) Financing Terms: ☑Cash ☑Conventional ❏VA ❏FHA ❏ Other _____
❏ Seller Financing: Seller will hold a purchase money mortgage in the amount of $_____ with the following terms: _____
❏ Assumption of Existing Mortgage: Buyer may assume existing mortgage for $_____ plus an assumption fee of $_____. The mortgage is for a term of _____ years beginning in _____, at an interest rate of _____% ❏ fixed ❏ variable (describe) _____.
Lender approval of assumption ❏ is required ❏ is not required ❏ unknown. Notice to Seller: You may remain liable for an assumed mortgage for a number of years after the Property is sold. Check with your lender to determine the extent of your liability. Seller will ensure that all mortgage payments and required escrow deposits are current at the time of closing and will convey the escrow deposit to the buyer at closing.
(c) Seller Expenses: Seller will pay mortgage discount or other closing costs not to exceed _____% of the purchase price; and any other expenses Seller agrees to pay in connection with a transaction.

4. BROKER OBLIGATIONS AND AUTHORITY: Broker agrees to make diligent and continued efforts to sell the Property until a sales contract is pending on the Property. Seller authorizes Broker to:
(a) Advertise the Property as Broker deems advisable in newspapers, publications, computer networks, including the Internet and other media; place appropriate transaction signs on the Property, including "For Sale" signs and "Sold" signs (once Seller signs a sales contract); and use Seller's name in connection with marketing or advertising the Property;
(b) Obtain information relating to the present mortgage(s) on the Property.
(c) Place the property in a multiple listing service(s) (MLS). Seller authorizes Broker to report to the MLS/Association of Realtors® this listing information and price, terms and financing information on any resulting sale. Seller authorizes Broker, the MLS and/or Association of Realtors® to use, license or sell the active listing and sold data.
(d) Provide objective comparative market analysis information to potential buyers; and
(e) (Check if applicable) ☑Use a lock box system to show and access the Property. A lock box does not ensure the Property's security; Seller is advised to secure or remove valuables. Seller agrees that the lock box is for Seller's benefit and releases Broker, persons working through Broker and Broker's local Realtor Board/Association from all liability and responsibility in connection with any loss that occurs. ☑Withhold verbal offers. ❏Withhold all offers once Seller accepts a sales contract for the Property.
(f) Act as a transaction broker.

5. SELLER OBLIGATIONS: In consideration of Broker's obligations, Seller agrees to:
(a) Cooperate with Broker in carrying out the purpose of this Agreement, including referring immediately to Broker all inquiries regarding the Property's transfer, whether by purchase or any other means of transfer.
(b) Provide Broker with keys to the Property and make the Property available for Broker to show during reasonable times.
(c) Inform Broker prior to leasing, mortgaging or otherwise encumbering the Property.

(d) To indemnify Broker and hold Broker harmless from losses, damages, costs and expenses of any nature, including attorney's fees, and from liability to any person, that Broker incurs because of: (1) Seller's negligence, representations, misrepresentations, actions or inactions, (2) the use of a lock box, (3) the existence of undisclosed material facts about the Property, or (4) a court or arbitration decision that a broker who was not compensated in connection with a transaction is entitled to compensation from Broker. This clause will survive Broker's performance and the transfer of title.

(e) To perform any act reasonably necessary to comply with FIRPTA (Internal Revenue Code Section 1445).

(f) Make all legally required disclosures, including all facts that materially affect the Property's value and are not readily observable or known by the buyer. Seller represents there are no material facts (building code violations, pending code citations, unobservable defects, etc.) other than the following: The Trustee has no knowledge and cannot advise about building code violations, pending code citations, unobservable defects, etc. Buyers must do their own due diligence. Seller will immediately inform Broker of any material facts that the Trustee becomes aware of after signing this Agreement.

(g) Consult appropriate professionals for related legal, tax, property condition, environmental, foreign reporting requirements and other specialized advice.

**6. COMPENSATION:** Seller will compensate Broker as specified below for procuring a buyer who is ready, willing and able to purchase the Property or any interest in the Property on the terms of this Agreement or on any other terms acceptable to Seller. Seller will pay Broker as follows (plus applicable sales tax):

(a) _____ 6.0% of the total purchase price OR $_____, no later than the date of closing specified in the sales contract. However, closing is not a prerequisite for Broker's fee being earned.

(b) _____ 6.0 ($ or %) of the consideration paid for an option, at the time an option is created. If the option is exercised, Seller will pay Broker the paragraph 6(a) fee, less the amount Broker received under this subparagraph.

(c) _____ 10.0 ($ or %) of gross lease value as a leasing fee, on the date Seller enters into a lease or agreement to lease, whichever is soonest. This fee is not due if the Property is or becomes the subject of a contract granting an exclusive right to lease the Property.

(d) Broker's fee is due in the following circumstances: (1) If any interest in the Property is transferred, whether by sale, lease, exchange, governmental action, bankruptcy or any other means of transfer, regardless of whether the buyer is secured by Broker, Seller or any other person. (2) If Seller refuses or fails to sign an offer at the price and terms stated in this Agreement, defaults on an executed sales contract or agrees with a buyer to cancel an executed sales contract. (3) If, within __180__ days after Termination Date ("Protection Period"), Seller transfers or contracts to transfer the Property or any interest in the Property to any prospects with whom Seller, Broker or any real estate licensee communicated regarding the Property prior to Termination Date. However, no fee will be due Broker if the Property is relisted after Termination Date and sold through another broker.

(e) Retained Deposits: As consideration for Broker's services, Broker is entitled to receive __10__% of all deposits that Seller retains as liquidated damages for a buyer's default in a transaction, not to exceed the paragraph 6(a) fee.

**7. COOPERATION AND COMPENSATION WITH OTHER BROKERS:** Broker's office policy is to cooperate with all other brokers except when not in Seller's best interest: ☑ and to offer compensation in the amount of _____ 3.0 % of the purchase price or $_____ to Buyer's agents, who represent the interest of the buyers, and not the interest of Seller in a transaction; ☑ and to offer compensation in the amount of _____ 3.0 % of the purchase price or $_____ to a broker who has no brokerage relationship with the Buyer or Seller; ☑ and to offer compensation in the amount of _____ 3.0 % of the purchase price or $_____ to Transaction brokers for the Buyer; ☐ None of the above (if this is checked, the Property cannot be placed in the MLS.)

**8. BROKERAGE RELATIONSHIP:**

### TRANSACTION BROKER NOTICE

As a transaction broker, ____ Blanco Realty Services ____ and its associates, provides to you a limited form of representation that includes the following duties:

1. Dealing honestly and fairly;
2. Accounting for all funds;
3. Using skill, care, and diligence in the transaction;
4. Disclosing all known facts that materially affect the value of residential real property and are not readily observable to the buyer;
5. Presenting all offers and counteroffers in a timely manner, unless a party has previously directed the licensee otherwise in writing;
6. Limited confidentiality, unless waived in writing by a party. This limited confidentiality will prevent disclosure that the seller will accept a price less than the asking or listed price, that the buyer will pay a price greater than the price submitted in a written offer, of the motivation of any party for selling or buying property, that a seller or buyer will agree to financing terms other than those offered, or of any other information requested by a party to remain confidential; and
7. Any additional duties that are entered into by this or by separate written agreement.

Limited representation means that a buyer or seller is not responsible for the acts of the licensee. Additionally, parties are giving up their rights to the undivided loyalty of the licensee. This aspect of limited representation allows a licensee to facilitate a real estate transaction by assisting both the buyer and the seller, but a licensee will not work to represent one party to the detriment of the other party when acting as a transaction broker to both parties.

_____     _____     _____
Date                           Signature                         Signature

**9. CONDITIONAL TERMINATION:** At Seller's request, Broker may agree to conditionally terminate this Agreement. If Broker agrees to conditional termination, Seller must sign a withdrawal agreement, reimburse Broker for all direct expenses incurred in marketing the Property and pay a cancellation fee of $ __0.00__ plus applicable sales tax. Broker may void the conditional termination and Seller will pay the fee stated in paragraph 6(a) less the cancellation fee if Seller transfers or contracts to transfer the Property or any interest in the Property during the time period from the date of conditional termination to Termination Date and Protection Period, if applicable.

**10. DISPUTE RESOLUTION:** ~~This Agreement will be construed under Florida law. All controversies, claims and other matters in question between the parties arising out of or relating to this Agreement or the breach thereof will be settled by first attempting mediation under the rules of the American Arbitration Association or other mediator agreed upon by the parties. If litigation arises out of this Agreement, the prevailing party will be entitled to recover reasonable attorney's fees and costs, unless the parties agree that disputes will be settled by arbitration as follows: Arbitration: By initialing in the space provided, Seller (____) (____), Listing Associate (____) and Listing Broker (____) agree that disputes not resolved by mediation will be settled by neutral binding arbitration in the county in which the Property is located in accordance with the rules of the American Arbitration Association or other arbitrator agreed upon by the parties. Each party to any arbitration or litigation (including appeals and interpleaders) will pay its own fees, costs and expenses, including attorney's fees, and will equally split the arbitrators' fees and administrative fees of arbitration.~~

**11. MISCELLANEOUS:** This Agreement is binding on Broker's and Seller's heirs, personal representatives, administrators, successors and assigns. Broker may assign this Agreement to another listing office. Signatures, initials and modifications communicated by facsimile will be considered as originals. The term "buyer" as used in this Agreement includes buyers, tenants, exchangors, optionees and other categories of potential or actual transferees.

**12. ADDITIONAL TERMS:** The Trustee has no knowledge and cannot advise about building code violations, pending code citations, unobservable defects, etc. Buyers must do their own due diligence.

10. DISPUTE RESOLUTION: This Agreement will be construed under Florida Law. All controversies, claims and other matters in questions between the parties arising out of or relating to this or the breach there of will be resolved by the Bankruptcy Court of the Southern District of Florida which retains jurisdiction to resolve any dispute.

Date: __10/5/18__    Seller's Signature: _Maria Luggo Trust_    Tax ID No: _ _ _ - _ _ - _ _ _ _

Telephone #'s: Home_____ Work_____ Cell_____ Fax:_____

Address:_____ E-mail: _____

Date: _____    Seller's Signature: _____    Tax ID No: _ _ _ - _ _ - _ _ _ _

Telephone #'s: Home_____ Work_____ Cell_____ Fax:_____

Address:_____ E-mail: _____

Date: _____    Authorized Listing Associate or Broker: _Jose Blanco_ [R]

Brokerage Firm Name: __Blanco Realty Services__    436334F8#2944C Telephone: _____

Address: _____

| Copy returned to Customer on the ____ day of _____, ____ by: ❑ personal delivery ❑ mail ❑ E-mail ❑ facsimile. |

The copyright laws of the United States (17 U.S. Code) forbid the unauthorized reproduction of this form by any means including facsimile or computerized forms.

NAME: MARIA YIP        TRUSTEE FOR THE ESTATE OF    Carmen Cruz
SELLER HAS ☐ HAS NOT ☑ OCCUPIED THE PROPERTY.
DATE SELLER PURCHASED PROPERTY? _____
IS THE PROPERTY CURRENTLY LEASED? NO ☑ YES ☐ TERMINATION DATE OF LEASE: _____
DOES THE PROPERTY CURRENTLY HAVE HOMESTEAD EXEMPTION? NO ☑ YES ☐ YEAR 2014

GENERAL INFORMATION ABOUT PROPERTY:
PROPERTY ADDRESS: 9499 Collins Ave #609, Surfside, FL 33154
LEGAL DESCRIPTION: SPIAGGIA OCEAN CONDO UNIT 609 UNDIV 0.7700040% INT IN COMMON ELEMENTS OFF REC
    23683-1139 & 23716-2937 OR 22267-3297 0404

NOTICE TO BUYER AND SELLER:
In Florida, a Seller is obligated to disclose to a Buyer all known facts that materially affect the value of
the property being sold and that are not readily observable. This disclosure statement is designed to
assist Seller in complying with the disclosure requirements under Florida law and to assist the Buyer in
evaluating the property being considered. This disclosure statement concerns the condition of the real
property located at above address. It is not a warranty of any kind by the Seller or any Licensee in this
transaction. It is not a substitute for any inspections or warranties the parties may wish to obtain. It is
based only upon Seller's knowledge of the property condition. This disclosure is not intended to be a
part of any contract for sale and purchase. All parties may refer to this information when they evaluate,
market, or present Seller's property to prospective Buyers.
**The following representations are made by the Seller(s) and are not the**
**representations of any real estate licensees.**

1. **CLAIMS & ASSESSMENTS** | SELLER HAS NO KNOWLEDGE OF PROPERTY |
    a. Are you aware of existing, pending, or proposed legal actions, claims, special assessments, municipal service
    taxing or benefit unit charges or unpaid assessments (including homeowners' association maintenance fees or
    proposed increases in assessments and/or maintenance fees) affecting the property? NO ☐ YES ☐ If yes,
    explain: _____

    b. Have any local, state, or federal authorities notified you that repairs, alterations or corrections of the property
    are required? NO ☐ YES ☐ If yes, explain: _____

2. **DEED/HOMEOWNERS' ASSOCIATION RESTRICTIONS** | SELLER HAS NO KNOWLEDGE OF PROPERTY |
    Are You Aware:
    a. of any deed or homeowner restrictions? NO ☐ YES ☐
    b. of any proposed changes to any of the restrictions? NO ☐ YES ☐
    c. of any resale restrictions? NO ☐ YES ☐
    d. of any restrictions on leasing the property? NO ☐ YES ☐
    e. If any answer to questions 2a-2e is yes, please explain:
    _____
    _____

    f. Are access roads private ☐ public ☐? If private, describe the terms and conditions of the maintenance
    agreement: _____
    g. If there is a homeowner association, is membership mandatory? NO ☐ YES ☐, and are fees charged by the
    homeowner association? NO ☐ YES ☐ If yes, explain: _____

3. **PROPERTY-RELATED ITEMS** | SELLER HAS NO KNOWLEDGE OF PROPERTY |
    Are You Aware:
    a. if you have ever had the property surveyed? NO ☐ YES ☐ Date: _____
    b. if the property was surveyed, did you receive an elevation certificate? NO ☐ YES ☐ Date: _____
    c. of any walls, driveways, fences or other features shared in common with adjoining landowners or any
    encroachments, boundary line disputes, setback violations, or easements affecting the property? NO ☐ YES ☐
    d. of any portion of the property that is fenced? NO ☐ YES ☐
    If any answer to questions 3a-3d is yes, please explain: _____
    _____
    _____

SRPD-2   Rev. 10/02   © 2002 Florida Association of REALTORS®   All Rights Reserved

**4. THE LAND:**  SELLER HAS NO KNOWLEDGE OF PROPERTY

Are You Aware:

a. of any past or present settling, soil movement, or sinkhole problems on the property or on adjacent properties? NO ☐ YES ☐

b. of any past or present drainage or flood problems affecting the property or adjacent properties? NO ☐ YES ☐

c. of any past or present problems with driveways, walkways, patios, seawalls, or retaining walls on the property or adjacent properties due to drainage, flooding, or soil movements? NO ☐ YES ☐

If any answer to questions 4a-4c is yes, please explain: _____

_____

_____

_____

**5. ENVIRONMENT:**  SELLER HAS NO KNOWLEDGE OF PROPERTY

Was the property built before 1978? NO ☐ YES ☐

Are You Aware:

a. of any substances, materials, or products which may be an environmental hazard, such as, but not limited to, asbestos, urea formaldehyde, radon gas, mold, lead-based paint, fuel, propane or chemical storage tanks (active or abandoned), or contaminated soil or water on the property? NO ☐ YES ☐

b. of any condition or proposed change in the vicinity of the property that does or will materially affect the value of the property, such as, but not limited to, proposed development or proposed roadways? NO ☐ YES ☐

c. of wetlands, mangroves, archeological sites, or other environmentally sensitive areas located on the property? NO ☐ YES ☐

If any answer to questions 5a-5c is yes, please explain: _____

_____

_____

_____

**6. ZONING:**  SELLER HAS NO KNOWLEDGE OF PROPERTY

Are You Aware:

a. of the zoning classification of the property? NO ☐ YES ☐  If yes, identify the zoning classification _____

b. of any zoning violations or nonconforming uses? NO ☐ YES ☐

c. if the property is zoned for its current use? NO ☐ YES ☐

d. of any zoning restrictions affecting additions, improvements or replacement of the property? NO ☐ YES ☐

e. if there are any zoning, land use or administrative regulations which are in conflict with the existing or intended use of the property? NO ☐ YES ☐

f. of any restrictions other than association and flood area requirements affecting improvements or replacement of the property? NO ☐ YES ☐

If any answer to questions 6a-6f is yes, please explain: _____

_____

_____

_____

**7. FLOOD:**  SELLER HAS NO KNOWLEDGE OF PROPERTY

Are You Aware:

a. if any portion of the property is in a special flood hazard area? NO ☐ YES ☐

b. does the property require flood insurance? NO ☐ YES ☐

c. whether any improvements including additions, are located below the base flood elevation? NO ☐ YES ☐

d. whether such improvements have been constructed in violation of applicable local flood guidelines? NO ☐ YES ☐

e. if any portion of the property is seaward of the coastal construction control line? NO ☐ YES ☐

If any answer to questions 7a-7e is yes, please explain: _____

_____

_____

_____

SRPD-2  Rev. 10/02  © 2002 Florida Association of REALTORS®  All Rights Reserved

**8. TERMITES, DRY ROT, PESTS, WOOD DESTROYING ORGANISMS:** <u>SELLER HAS NO KNOWLEDGE OF PROPERTY</u>

a. Do you have any knowledge of termites, dry rot, pests or wood destroying organisms on or affecting any improvements located on the property or any structural damage to the property by them? NO ❑ YES ❑ If yes, explain: _____

b. Have you ever had the property inspected for termites, dry rot, pest or wood destroying organism? NO ❑ YES ❑ Date of inspection_____If so, what was the outcome of the inspection? _____

c. Has the property been treated for termites, dry rot, pest or wood destroying organisms? NO ❑ YES ❑ Date and type of treatment _____
_____,Company name:_____

**9. STRUCTURE-RELATED ITEMS:** | SELLER HAS NO KNOWLEDGE OF PROPERTY |

Are You Aware:

a. of any structural damage which may have resulted from events including, but not limited to, fire, wind, flood, hall, landslide, or blasting, and which materially affect the value of the property? NO ❑ YES ❑
b. of any structural condition or, in the case of a homeowner association, any condition in the common elements that materially affects the value of the property? NO ❑ YES ❑
c. of any improvements or additions to the property, whether by you or by others, that have been constructed in violation of building codes or without necessary permits? NO ❑ YES ❑
d. of any active permits on the property which have not been closed by a final inspection? NO ❑ YES ❑
If any answer to questions 9a-9d is yes, please explain: _____
_____

**10. ROOF-RELATED ITEMS:** | SELLER HAS NO KNOWLEDGE OF PROPERTY |

Are You Aware:

a. of any roof or overhang defects? NO ❑ YES ❑
b. if the roof has leaked since you owned the property? NO ❑ YES ❑
c. if anything was done to correct the leaks? NO ❑ YES ❑
d. if the roof has been replaced? NO ❑ YES ❑ If yes, when:_____
e. if there is a warranty on the roof? NO ❑ YES ❑ If yes, is it transferable? NO ❑ YES ❑
f. if the roof has been inspected within the last twelve months? NO ❑ YES ❑
If any answer to questions 10a-10f is yes, please explain: _____
_____

**11. PLUMBING-RELATED ITEMS:** <u>SELLER HAS NO KNOWLEDGE OF PROPERTY</u>

a. What is your drinking water source? Public ❑ Private Well ❑ Other Source ❑. If your drinking water is from a well or other source, when was your water last checked for safety and what was the result of the test?_____

b. Do you have a water conditioning system? NO ❑ YES ❑ If yes, type:_____Owned ❑ Leased ❑
c. What is the balance owed on the system? $_____
d. Do you have a sewer ❑ or septic system ❑? If septic system describe the location of each system: _____

e. Are you aware of any septic tanks or wells on the property which are not currently being used? NO ❑ YES ❑ If yes, explain:_____
f. Are you aware of any plumbing leaks since you have owned the property? NO ❑ YES ❑ If yes, explain: ____

g. Are you aware of any conditions that materially affect the value of the property relating to the septic tank/drain field, sewer lines, or any other plumbing related items? NO ❑ YES ❑ If yes, explain: _____

**12. POOLS/HOT TUBS/SPAS:** SELLER HAS NO KNOWLEDGE OF PROPERTY

    **a.** Does the property have a swimming pool? NO ❑ YES ❑ Hot tub? NO ❑ YES ❑ Spa? NO ❑ YES ❑
    **b.** If you answered yes to any part of 12a, was the certificate of completion received after Oct. 1, 2000 for the
    pool? NO ❑ YES ❑ For the spa? NO ❑ YES ❑ For the hot tub? NO ❑ YES ❑
    **c.** Check the pool safety features (as defined by Section 515.27, Florida Statutes) your swimming pool, hot tub or
    spa has: Enclosure that meets the pool barrier requirements ❑ Approved safety pool cover ❑
          Required door and window exit alarms ❑ Required door locks ❑ none ❑
    **d.** Are you aware of any conditions regarding these items that materially affect the value of the property?
    NO ❑ YES ❑  If yes, explain: _____
    _____
    _____

**13. MAJOR APPLIANCES:** SELLER HAS NO KNOWLEDGE OF PROPERTY
Indicate existing equipment:
    Range ❑ Oven ❑ Microwave ❑ Dishwasher ❑ Garbage Disposal ❑ Trash Compactor ❑ Refrigerator ❑
    Freezer ❑ Washer ❑ Dryer ❑
    Are any of these appliances leased? NO ❑ YES ❑ Are any of these gas appliances? NO ❑ YES ❑
    Is the water heater: owned ❑ leased ❑; Is the water heater: electric ❑ gas ❑
    Are you aware of any problems with these appliances, including whether any of the appliances have leaked or
    overflowed, since you have owned the property? NO ❑ YES ❑ If yes, explain: _____
    _____
    _____

**14. ELECTRICAL SYSTEM:** SELLER HAS NO KNOWLEDGE OF PROPERTY
Are You Aware:
    **a.** of any damaged or malfunctioning switches, receptacles, or wiring? NO ❑ YES ❑
    **b.** of any conditions that materially affect the value or operating capacity of the electrical system? NO ❑ YES ❑
    If answers to questions 14a or 14b is yes, please explain: _____
    _____
    _____

**15. HEATING AND AIR CONDITIONING:** SELLER HAS NO KNOWLEDGE OF PROPERTY
Indicate existing equipment:
    Air conditioning:                Heating:
      Central ❑ Window/Wall ❑ Number of units_____    Electric ❑ Fuel Oil ❑ Gas ❑ Other ❑
    Solar Heating:
      Owned ❑ Leased ❑
    Wood-burning stove: NO ❑ YES ❑
    Fireplace: NO ❑ YES ❑ Describe fireplace equipment:_____
    Are you aware of any defects, malfunctioning or condensation problems regarding these items, since you have
    owned the property? NO ❑ YES ❑ If yes, explain:_____
    _____

**16. OTHER EQUIPMENT:** SELLER HAS NO KNOWLEDGE OF PROPERTY
Indicate existing equipment:
    Security System: NO ❑ YES ❑ Leased ❑ Owned ❑ Connected to Central Monitor ❑ Monthly Fee $_____
    Smoke Detectors: NO ❑ YES ❑, Number of smoke detectors?_____
    Lawn Sprinkler System: NO ❑ YES ❑ Sprinkler water source:_____If well is source, is
    there an iron filter? NO ❑ YES ❑ Is there a timer? NO ❑ YES ❑ Is the timer automatic? NO ❑ YES ❑
    Garage door openers? NO ❑ YES ❑, Number of transmitters?_____, Humidistat? NO ❑ YES ❑
    Humidifier? NO ❑ YES ❑ Electric air filters? NO ❑ YES ❑ Vent fans? NO ❑ YES ❑
    Paddle fans? NO ❑ YES ❑, Number of paddle fans?_____

**17. OTHER MATTERS:** SELLER HAS NO KNOWLEDGE OF PROPERTY
    Is there anything else that materially affects the value of the property? NO ❑ YES ❑
    If yes, explain: _____
    _____
    _____
    _____

## ACKNOWLEDGEMENT OF SELLER

The undersigned Seller represents that the information set forth in the above disclosure statement is             complete to the best of the Seller's knowledge on the date signed below. Seller does not intend for this disclosure statement to be a warranty or guaranty of any kind. Seller hereby authorizes disclosure of the information contained in this disclosure statement to prospective Buyers of the property. Seller understands and agrees that Seller will notify the Buyer in writing within five business days after Seller becomes aware that any information set forth in this disclosure statement has become inaccurate or incorrect in any way during the term of the pending purchase by the Buyer.

Seller: _Maria Yip Trustee_  / _MARIA M. YIP, TRUSTEE_     Date: _10/5/18_
         (signature)                    (print)

Seller: _____  / _____     Date: _____
         (signature)                    (print)

## RECEIPT AND ACKNOWLEDGMENT OF BUYER

Seller is using this form to disclose Seller's knowledge of the condition of the real property and improvements located on the property as of the date signed by Seller. This disclosure form is not a warranty of any kind. The information contained in the disclosure is limited to information to which the seller has knowledge. It is not intended to be a substitute for any inspections or professional advice the Buyer may wish to obtain. An independent professional inspection is encouraged and may be helpful to verify the condition of the property and to determine the cost of repairs, if any. Buyer understands these representations are not made by any real estate licensee.

Buyer hereby acknowledges having received a copy of this disclosure statement.

Buyer: _____  / _____     Date: _____
         (signature)                    (print)

Buyer: _____  / _____     Date: _____
         (signature)                    (print)

# Comparative Market Analysis

9499 Collins Ave #609
33154

Tuesday, September 25, 2018

## Brief Summary of Compared Listings

This report summarizes the comparable listings contained in this market analysis.

### Status: Active

| MLS# | Stat Date | Address | City | Sqft | Bds | Bth | L/S Price |
|------|-----------|---------|------|------|-----|-----|-----------|
| A10478942 | 06/01/2018 | 9195 Collins Ave #410 | Surfside | 905 | 1 | 1.0 | $395,000 |
| A10533238 | 09/05/2018 | 9195 Collins Ave #810 | Surfside | 905 | 1 | 1.0 | $450,000 |
| Averages: | | | | 905.00 | 1 | 1.0 | $422,500 |

### Status: Closed Sale

| MLS# | Stat Date | Address | City | Sqft | Bds | Bth | L/S Price |
|------|-----------|---------|------|------|-----|-----|-----------|
| A10302022 | 01/16/2018 | 9499 Collins Ave #211 | Surfside | 924 | 1 | 2.0 | $355,000 |
| A10292473 | 03/07/2018 | 9499 Collins Ave #909 | Surfside | 927 | 1 | 2.0 | $400,000 |
| A10393663 | 02/14/2018 | 9195 Collins Ave #904 | Surfside | 905 | 1 | 1.0 | $430,000 |
| Averages: | | | | 918.67 | 1 | 1.7 | $395,000 |

## Summary

| Status | Total | Avg Price | Avg $ Per SqFt | Median | Low | High | Avg DOM |
|--------|-------|-----------|----------------|--------|-----|------|---------|
| Active | 2 | $422,500 | $466.85 | $422,500 | $395,000 | $450,000 | |
| Closed Sale | 3 | $395,000 | $430.28 | $400,000 | $355,000 | $430,000 | 107 |
| Total | 5 | $406,000 | $444.91 | $400,000 | $355,000 | $450,000 | 107 |

Researched and prepared by **Jose Blanco**

# Exhibit "2"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                          Case No.: 18-19649-AJC
                                                                Chapter 7
Carmen Y. Cruz

_____ Debtor    /

### AFFIDAVIT OF PROPOSED REALTOR FOR TRUSTEE

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF MIAMI-DADE   )

      BEFORE ME, the undersigned authority, personally appeared, J.C. Blanco,

who being first duly sworn, deposes and states:

1.    That I am a real estate broker licensed in the State of Florida.

2.    I have personal knowledge of the facts set forth herein.

3.    I am employed by Blanco Realty Services, Inc., ("BRS") located at 6780 Coral Way, Miami, Florida 33155.

4.    Neither I nor my firm, BRS, hold any interest adverse to the Trustee, the Debtor, or the estate. BRS and I are disinterested persons as required by 11 U.S.C. § 327(a).

5.    Neither I nor BRS have any connection with the Debtor, creditors, United States Trustee and any person in his office or another interested party.

6.    I agree to be compensated pursuant to 11 U.S.C. §330 as approved by the bankruptcy court, after a duly filed motion and hearing.

FURTHER AFFIANT SAYETH NAUGHT.

_____
J.C. BLANCO

Sworn to and subscribed before me
this ⸰3 day of October, 2018

_____
Notary Public, State of Florida

KATHLEEN M. ARIDON
MY COMMISSION # FF 908424
EXPIRES: August 10, 2019
Bonded Thru Notary Public Underwriters

Page 1 of 1

# Exhibit "3"

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 18-19649-AJC |
| | : | |
| CARMEN Y. CRUZ, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____ | : / | |

**ORDER GRANTING TRUSTEE'S MOTION TO (I) EMPLOY JOSE CARLOS BLANCO AND BLANCO REALTY SERVICES, INC. AS REAL ESTATE AGENT; (II) TO ENTER INTO LISTING AGREEMENT; (III) FOR AUTHORIZATION TO ENTER INTO SALE NEGOTIATION PROCESS; AND (IV) TO ENTER INTO CONTRACT FOR SALE OF REAL PROPERTY _NUNC PRO TUNC_ TO OCTOBER 5, 2018**

THIS CAUSE came on before the court upon the Trustee's Motion (I) to Employ Jose Carlos Blanco and Blanco Realty Services, Inc. (collectively the "*Realtor*"), as Real Estate Agent for the Trustee; (II) to Enter Into a Listing Agreement with the Realtor; (III) For Authorization to Enter into Sale Negotiation Process; and (IV) to Enter Into Contract for Sale of Real Property *nunc pro tunc* to October 5, 2018 [D.E. XX] (the "*Application*"). The Court, having considered the disclosures made in the Application and the Affidavit, finds that Jose Carlos Blanco and Blanco Realty Services, Inc. are disinterested persons as required by 11 U.S.C.

§ 327(a), and have disclosed any connections with parties set forth in Bankruptcy Rule 2014, and that their employment is necessary and would be in the best interests of the estate and its creditors. Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Application is GRANTED.

2. The Listing Agreement is APPROVED.

3. The trustee is authorized to employ Jose Carlos Blanco and Blanco Realty Services, Inc. as real estate agent to represent the Trustee in the marketing and sale negotiations for the Real Property identified in the Application on the terms and conditions set forth in the Application and in accordance with the terms of this Order *nunc pro tunc* to October 5, 2018.

4. Compensation of the Realtor will be six percent (6%) of the total sale price of the Real Property if Realtor is acting as listing agent and the buyer does not have representation. If the buyer has separate representation the Realtor and buyer's agent shall be paid three percent (3%) of the total sale price each.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
16 SW 1ˢᵗ Avenue
Miami, FL 33130
Tel. 305-263-3328
e-mail    rangueir@bellsouth.net

Copies furnished to:
Robert A. Angueira, Esq.

*(Attorney Robert Angueira is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee and all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*